[Civ. No. 53755. Second Dist., Div. Five. Apr. 24, 1979.]

GENE LLANERA, Plaintiff and Appellant, v.
M & S PIPE SUPPLY COMPANY, Defendant and Respondent.

**COUNSEL**

Ghitterman, Schweitzer & Herreras and S. Robert Walder for Plaintiff and Appellant.

Archbald & Spray and Douglas B. Large for Defendant and Respondent.

OPINION

HASTINGS, J.—Plaintiff Gene Llanera filed suit May 13, 1977, against Tom Boydstun, Sr., and M & S Pipe Supply Co. for personal injuries arising out of an April 8, 1976, auto accident. Plaintiff's third amended complaint was dismissed following the sustaining of defendant M & S Pipe Supply Company's demurrer on the ground that the complaint failed to state a cause of action since the suit was barred by the one-year statute of limitations in Code of Civil Procedure section 340, subdivision 3. The notice of demurrer also contained a motion for summary judgment, which the court granted.[1] Plaintiff appeals from the judgment of dismissal.

By his third amended complaint plaintiff attempted to show defendant's conduct was sufficient to estop the defendants from asserting the statute of limitations. Briefly, and in summarized form, he alleged: One day after the accident, the insurance company representing defendant sent a postcard to plaintiff, requesting him to contact their adjuster. Plaintiff retained counsel on April 12, 1976. In a letter dated April 30, 1976, to plaintiff's counsel, a Mr. Funk, an adjuster for defendants' insurance company, stated that the company would like to settle plaintiff's property damage claim. The letter requested a car repair estimate *and medical reports or bills.* The repair estimate was forwarded. The insurance company then sent a release and check for the property damage in the amount of $626.23. It was agreed the bodily injury claim would remain open for further negotiations.

In a May 12, 1976, letter plaintiff's counsel informed Mr. Funk that the release of the property damage was acceptable and that he would be forwarding medical expenses. On May 13th, he further advised Mr. Funk of plaintiff's physical condition, and on September 30, 1976, he sent Mr. Funk a letter recommending a settlement of $7,500. On February 1, 1977, plaintiff's counsel requested a response to the September letter and stated, "Could we anticipate the courtesy of a reply or must we file suit. . . ." There was no answer from Mr. Funk or defendant's insurance company.

---

[1]The court's granting of the summary judgment was apparently inadvertent and unnecessary. It recognized this fact when it granted defendant's demurrer to the second amended complaint which also requested summary judgment. The court, at that time, stated: "Defendant's motion for summary judgment was not considered by the court, in light of its ruling on the demurrer."

On April 8, 1977, the one-year statute of limitation ran. Plaintiff filed his original complaint May 13, 1977.[2]

On May 17, 1977, plaintiff's counsel sent a letter stating, "We have been forced to file suit, in spite of our prior attempts to negotiate in good faith, since you made no response to our demand within what could be termed a reasonable period of time. . . . [¶] We had hoped to spare the necessity of litigating." The third amended complaint alleges that after the May 17 letter, Mr. Funk called plaintiff's counsel and agreed to settle for "a sum certain."

In a letter dated June 7, 1977, Mr. Funk withdrew all offers of settlement and advised counsel they would rely upon the statute of limitations.[3]

Plaintiff appeals, contending the trial court abused its discretion in sustaining the demurrer and in granting summary judgment because sufficient facts were pleaded to establish estoppel or waiver of the statute of limitations. Plaintiff also contends defendant was estopped from raising the statute of limitations defense by virtue of his failure to give written notice of the applicable statute of limitations after making partial payment (for property damages) pursuant to Insurance Code section 11583 (*infra*).

Upon review of the third amended complaint, it is evident that the court rejected plaintiff's estoppel theory because reliance to plaintiff's prejudice on the adjuster's representations (an essential element of estoppel) was negated by plaintiff counsel's letter of February 1, 1976 (before the statute had run) stating, "could we anticipate receipt of a reply [to the settlement demand] *or must we file suit. . . .*" (Italics added.)

---

[2]Defendant demurred to the original complaint for uncertainty and for failure to state a cause of action due to the bar of the statute. The demurrer was sustained against the original complaint as it was against subsequent amended complaints. This appeal is concerned with the third amended complaint where the demurrer was sustained without leave to amend.

[3]Specifically, in that letter he said, "If you will recall, when we discussed the matter on June 2, 1977, I asked you for the date of filing of the complaint. You replied that you did not have a copy of the complaint in front of you, and you did not remember the date of filing. Since you did not mention the fact that the complaint was filed after the statute had expired, I assumed that you had effected a timely filing of the complaint. [¶] Based upon the above assumption, I proceeded to discuss settlement of the case. However, since the complaint was not filed with the court until May 13, 1977, approximately 35 days after the statute had expired, my subsequent discussion of the case with you becomes invalid. Therefore, all offers of settlement are withdrawn. Our position will be that the statute of limitations had expired, and, consequently, we will file for a summary judgment [*sic*] in the matter. . . ."

■ However, plaintiff also contends that the statute of limitation was tolled under Insurance Code section 11583 when defendant's insurance company failed to give written notice of the applicable limitation on actions after paying plaintiff's property damage.[4] Section 11583 provides that an advance payment or partial payment made by any person, or his insurer under liability insurance, as defined in subdivision (a) of section 108 of the Insurance Code as an accommodation to an injured person shall require that person or his insurer to notify the recipient in writing of the statute of limitation applicable to his situation. Failure to give such notice tolls the statute of limitation on the action until written notice is actually given.

Defendant contends this statute is inapplicable to this case because the payment advanced was a full payment for the property damage, therefore it was not an advance payment or partial payment. Defendant also states the section applies only to personal injury claims, and not to property damage so that an advance or partial payment on the personal injury claim was required. Section 11583 refers to advances or partial payments under liability insurance as defined by subdivision (a) of section 108. Subdivision (a) states that liability insurance includes: "Insurance against loss resulting from liability for injury . . . suffered by any natural person, or resulting from liability for damage to property . . ." This definition clearly refutes defendant's statement that the section is concerned only with personal injury claims. We are not persuaded by defendant's argument that full payment of property damages, while a claim for personal injuries is still pending, prevents the statute from being applicable to a combined claim similar to plaintiff's. ■ We are convinced that one important legislative reason behind the statute was to

---

[4]Insurance Code section 11583 states: "No advance payment or partial payment of damages made by any person, or made by his insurer under liability insurance as defined in subdivision (a) of Section 108, as an accommodation to an injured person or on his behalf to others or to the heirs at law or dependents of a deceased person because of an injury or death claim or potential claim against any person or insured shall be construed as an admission of liability by the person claimed against, or of that person's or the insurer's recognition of such liability, with respect to such injured or deceased person or with respect to any other claim arising from the same accident or event. Any such payments shall, however, constitute a credit and be deductible from any final settlement made or judgment rendered with respect to such injured or deceased person which does not expressly take into account such advance payments. Any person, including any insurer, who makes such an advance or partial payment, shall at the time of beginning payment, notify the recipient thereof in writing of the statute of limitations applicable to the cause of action which such recipient may bring against such person as a result of such injury or death, including any time limitations within which claims are required to be made against the state or any local public entity when such payments are made on behalf of such public entities. Failure to provide such written notice shall operate to toll any such applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given."

prevent a claimant from being lulled into a sense of complacency about filing his suit because of the apparent cooperativeness of the defendant or his insurance company which is indicated by an advance or partial payment of the claim. The written notice calling the claimant's attention to the appropriate statute of limitation clearly warns the claimant of his legal responsibility and dispels any possibility that his claim might be settled after the statute of limitation has run.

Neither party to this appeal has cited any decisional law interpreting section 11583 on the issues facing us here. We have not found any cases in point. ▮ We are, however, satisfied that a full payment of property damages, while a claim is still pending for personal injury damages (or vice versa), is an advance or partial payment within the meaning of the section. If we accepted defendant's interpretation of the section, we would be perpetuating a problem that the Legislature clearly sought to eliminate.

In our present case, plaintiff claims the required written notice was not given. Defendant, on appeal, does not dispute this. Plaintiff's third amended complaint did not specifically plead the statute. The third amended complaint did, however, include, step by step, the communications between plaintiff and the insurance company and the written communications were attached as exhibits. They support plaintiff's position. It thus appears that the statute of limitation was tolled by nonconformance with section 11583, as a matter of law. Accordingly, the granting of the demurrer without leave to amend (and the superfluous summary judgment) were in error.

The judgment dismissing the cause of action is reversed.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied May 11, 1979.