[Civ. No. 19767. Third Dist. Apr. 5, 1982.]

RONALD JOHN JACKSON, Plaintiff and Appellant, v.
ANDCO FARMS, INC., Defendant and Respondent.

COUNSEL

Nelson & Sawyer, Stephen L. Sawyer and David R. Nelson for Plaintiff and Appellant.

Barrett, Shepard & Haven and Kenneth B. Shepard for Defendant and Respondent.

OPINION

EVANS, J.—Defendant's demurrer to plaintiff's complaint for personal injury was sustained without leave to amend. Plaintiff appeals from the ensuing judgment (order) of dismissal.

 The principal issue presented by this appeal is whether the provisions of Insurance Code section 11583[1] should preclude defendant from asserting the one-year statute of limitations (Code Civ. Proc., § 340, subd. 3) as a bar to plaintiff's personal injury action. We conclude it does not.

The chronology of events pertinent to our decision is as follows: On May 5, 1978, while operating a Honda motorcycle on Interstate 5 in Colusa County, plaintiff suffered personal injury, and his motorcycle was damaged beyond repair. The first complaint seeking damages for his injuries was filed October 29, 1979, more than one year after the occurrence. Plaintiff, a resident of the State of Washington, retained a Washington attorney to represent him. A correspondence dialogue commenced March 21, 1979, between the attorney and defendant's insurance carrier, Mission Insurance Company (Mission). At that time Mission offered to settle the motorcycle loss for a total of $923; the offer

_____

[1] All code references will be to the Insurance Code unless otherwise stated.

included a procedure for disposition of the salvage rights and payment of storage and towing charges. Mission also requested that an itemization of plaintiff's medical expenses be submitted for evaluation so possible negotiation of his personal injury could be undertaken. On April 10, 1979, plaintiff's attorney responded, asserting the value of the motorcycle to be approximately $1,800 but agreeing that the procedure outlined for settlement of matters relating to disposition of the motorcycle was acceptable. The next ensuing correspondence was a letter dated May 10, 1979, five days after the expiration of the one-year statute of limitations, in which plaintiff's attorney forwarded a summary of the medical special damages incurred by plaintiff and accepted the $923 settlement previously offered for the property damage claim. The correspondence also contained a $35,000 demand for general damages resulting from plaintiff's injuries. On May 25, 1979, Mission forwarded a draft for $923 settlement of the property damage claim and advised plaintiff's counsel that settlement of the injury complaint could not be accomplished without receipt of a copy of a filed complaint. Further correspondence was exchanged culminating with a letter on September 26, 1979, in which Mission advised the attorney of the one-year statute of limitations, and that a copy of the filed complaint would be required before any settlement negotiations could be undertaken.

I

Plaintiff contends the statute of limitations was tolled under Insurance Code section 11583, by Mission's failure to give written notice of the applicable period of limitation following the April 10, 1979, letter. He asserts that letter constituted an acceptance of Mission's offer to pay the property damage claim and should have triggered the provisions of section 11583 requiring notification of the applicable period of limitation. He is wrong. The letter of April 10, 1979, did no more than approve the procedure suggested by Mission for disposing of the salvage rights to the vehicle and payment of towing and storage charges. Mission had valued the vehicle at $750 plus towing and storage charges; plaintiff in the April letter valued the vehicle at $1,800. That April letter was not an acceptance of the offer.

Moreover, section 11583 deals specifically with payments, not offers to pay. The pertinent language requiring notification of the applicable period of limitation states: "Any person, including any insurer, who makes such an advance or partial payment, shall *at the time of begin-*

*ning payment,* notify the recipient thereof in writing of the statute of limitations applicable to the cause of action which such recipient may bring against such person as a result of such injury or death, ... Failure to provide such written notice shall operate to toll *any such applicable statute of limitations* or time limitations from the time of such advance or partial payment until such written notice is actually given." (Italics ours.) In this instance payment was made May 25, 1979, following receipt of plaintiff's letter of May 10, 1979, accepting the property damage settlement offered. At that time notification should have been made.

Plaintiff relies upon *Llanera* v. *M & S Pipe Supply Co.* (1979) 92 Cal.App.3d 332 [154 Cal.Rptr. 704]; in that decision the court held that "a full payment of property damages, *while a claim is still pending for personal damages* (or vice versa), is an advance or partial payment within the meaning of the section." (Italics ours; p. 337.) The soundness of that opinion is not questioned.

However, we conclude that plaintiff's reliance upon *Llanera* is misplaced. Factually the cases are inapposite. In this instance, the asserted claim for personal damages was barred by the one-year statute of limitations at the time the property damage payment was made. In *Llanera,* the property claim was paid one month after the injury occurred. Even if payment had been made May 10, 1979, the date of plaintiff's letter accepting the property damage settlement offer, the time for filing the injury claim would have expired. The legal effect of the factual circumstances is that there was no longer a period of limitations applicable to plaintiff's potential cause of action for personal injury of which the defendant or its insurance carrier should advise plaintiff. To require notification of a period of limitations previously expired would simply require an idle act. This we do not view as the intent of the legislation embodied in section 11583; its provisions were not intended to revive stale claims but rather to prevent a claimant from being lulled into a sense of complacency about the necessity of filing suit to protect his claim.

## II

Plaintiff further seeks to assert an estoppel against the defendant presenting the statute of limitations as an affirmative defense. The discourse between the parties as revealed by the exchange of letters does not reveal any basis for an estoppel.

Plaintiff's amended complaint does not allege any misrepresentation or promise on the part of defendant or its insurance carrier to support a claim that plaintiff was thereby induced to delay filing his complaint. Plaintiff was represented by counsel as early as March 1979; his attorney is charged with knowledge of California law relative to the statute of limitations. (*Tubbs v. Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671, 679 [63 Cal.Rptr. 377, 433 P.2d 169]; *Kunstman v. Mirizzi* (1965) 234 Cal.App.2d 753, 757 [44 Cal.Rptr. 707].) There is no basis presented which would support imposition of an estoppel.

The judgment (order) of dismissal is affirmed.

Puglia, P. J., and Regan, J., concurred.