[No. B052776. Second Dist., Div. Four. Mar. 20, 1991.]

ASSOCIATED TRUCK PARTS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ROBERT RICHARDSON, Real Party in Interest.

## COUNSEL

Long & Williamson, Patrick A. Long and Daryl J. Lander for Petitioner.

No appearance for Respondent.

Hollins, Schechter & Feinstein, Thomas M. Condas and Kenneth E. Gertz for Real Party in Interest.

## OPINION

**WOODS (A. M.), P. J.**—Petitioner, Associated Truck Parts, seeks a writ of mandate compelling the trial court to grant its motion for summary adjudication of issues on the ground that this action is barred by the applicable statute of limitations. The issue presented is what effect the subsequent retention of counsel has on the tolling provisions set forth in Insurance Code section 11583, as amended in 1985.[1]

The undisputed facts in support of petitioner's motion established that this action arises from a vehicle accident which occurred on November 10, 1988. Petitioner's liability insurance carrier made two partial advance payments to plaintiff Robert Richardson, the real party in interest in this proceeding, on January 3, 1989, and January 30, 1989. At that time, plaintiff was not represented by counsel. Petitioner's carrier failed to give him written notice of the applicable statute of limitations as required by

---

[1] Insurance Code section 11583 provides, in relevant part, that "[a]ny person, including any insurer, who makes . . . an advance or partial payment [of damages under liability insurance as an accommodation to an injured person because of an injury or death claim or potential claim], shall at the time of beginning payment, notify the recipient thereof in writing of the statute of limitations applicable to the cause of action which such recipient may bring against such person as a result of such injury or death, . . . Failure to provide such written notice shall operate to toll any such applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given. That notification shall not be required if the recipient is represented by an attorney."

Insurance Code section 11583. Plaintiff retained counsel as of July 21, 1989.[2] This action was filed on March 29, 1990.

Petitioner's moving papers asserted that it is undisputed that "as of January 27, 1989, Plaintiff had consulted with an attorney relative to his alleged personal injury claim" and "as of October 24, 1989, Plaintiff was still represented by an attorney . . . ." Plaintiff objected to both of these facts as irrelevant. Petitioner contended that plaintiff, having retained an attorney four months prior to the running of the one-year statute of limitations, was required to file his complaint within one year of the accident. Alternatively, petitioner argued that if the statute was tolled "at all," it was only tolled "from January 3, 1989 [when the first payment was made] through January 30, 1989 [when plaintiff first consulted counsel] or twenty-four (24) days."

In his opposition, plaintiff asserted unequivocally that the statute had been tolled and that the only issue was how long it had been tolled. Plaintiff argued that 54 days of the statutory time had run when the first advance payment was made, leaving a balance of 311 days of the statutory period "in tact [sic] until such time as some act or circumstance started [it] running again." Plaintiff contended that this occurred, at the earliest, when he retained counsel.[3]

■ The trial court ruled that the statute of limitations was tolled from January 3, 1989, to July 21, 1989, and that the complaint was, therefore, timely filed. Petitioner argues that this ruling was "an abuse of discretion."[4]

■ Our review of this issue is guided by well-settled rules of statutory construction which require that we "look first to the language of the statute itself. [Citations.] When the language is clear and there is accordingly no uncertainty as to the legislative intent, we look no further. [Citations.]" (*Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1300 [276 Cal.Rptr. 49, 801 P.2d 292].) If an ambiguity appears, we attempt to determine the intent of

---

[2] Petitioner's statement of undisputed facts asserted that plaintiff had retained counsel "on or before" July 21, 1989. The supporting evidence was a letter dated July 21, 1989, from plaintiff's counsel to petitioner's insurance company in which he stated, "I represent Robert Richardson regarding his injuries suffered in an accident with your insured[.]" Plaintiff has not been specific about the date on which he retained counsel, but agrees, for purposes of this motion, that he was represented by an attorney "as of July 21, 1989."

[3] Plaintiff also contended the three-year statute of limitations was applicable to his claim for property damage. Petitioner did not dispute this contention.

[4] Actually, there is no "abuse of discretion" issue in this case. The proper interpretation of a statute is an issue of law which we review de novo. (*Terminal Plaza Corp.* v. *City and County of San Francisco* (1986) 186 Cal.App.3d 814, 828 [230 Cal.Rptr. 875]; *City of Moorpark* v. *Moorpark Unified School Dist.* (1991) 226 Cal.App.3d 942, 948 [277 Cal.Rptr. 242].)

the Legislature by giving words their ordinary meaning, construing them in context, giving significance to every word, phrase, sentence and part of an act, and harmonizing the various parts of the statutory enactment in light of the nature and purpose of the statute. (*Martinez* v. *Traubner* (1982) 32 Cal.3d 755, 758 [187 Cal.Rptr. 251, 653 P.2d 1046].)

■ Applying these principles to Insurance Code section 11583, and beginning with the words themselves, we find support for the conclusion of other appellate courts that the legislative purpose in requiring this written notice of the limitation period is "to prevent a claimant from being lulled into a sense of complacency about filing his suit because of the apparent cooperativeness of the defendant or his insurance company which is indicated by an advance or partial payment of the claim." (*Llanera* v. *M & S Pipe Supply Co.* (1979) 92 Cal.App.3d 332, 337 [154 Cal.Rptr. 704]; *Jackson* v. *Andco Farms, Inc.* (1982) 130 Cal.App.3d 475, 479 [181 Cal.Rptr. 815].)

The words of the sentence which were added in 1985 demonstrate an unambiguous legislative intent to relieve the insurer of the duty to provide the claimant with this protection where he or she has counsel upon whom the law imposes an identical duty. (See *Jackson* v. *Andco Farms, Inc.*, *supra*, 130 Cal.App.3d at p. 480.)

■ The ambiguity inherent in the amended statute occurs only when the advance payment is made to an unrepresented claimant who subsequently retains counsel. The range of possible interpretations in such circumstances includes: (1) no tolling of the statute if the claimant consults counsel prior to the running of the statutory period; (2) no tolling of the statute if the claimant retains counsel prior to the running of the statutory period; (3) tolling of the statute between the date of the advance payment and the date on which the claimant consults counsel; (4) tolling of the statute between the date of the advance payment and the date on which the insurance company gives notice of the statutory period; (5) tolling of the statute between the date of the advance payment and the date on which the claimant retains counsel; or (6) tolling of the statute between the date of the advance payment and the earlier of the two dates on which the claimant either retains counsel or is given statutory notice.

The first and third possibilities run afoul of the principle which requires us to give words their ordinary meaning. The 1985 amendment excuses the duty only where the claimant is "*represented* by an attorney." (Italics added.) Thus, a claimant's consultation with an attorney will not limit the tolling for which Insurance Code section 11583 provides.

The second possibility is inconsistent with the rule that the various parts of a statute must be harmonized with one another. The duty imposed by the

statute attaches when the advance payment is made, not at some later point in time. (See *Malinski* v. *Wegman's Nursery & Landscaping, Inc.* (1980) 102 Cal.App.3d 282, 289 [162 Cal.Rptr. 287].) It follows that the tolling provisions of the statute are triggered when the advance payment is made without notification of the statute, not at some later point in time. The tolling, having once begun, cannot be voided *ab initio* by a subsequent event, such as the retention of counsel. Therefore, it does not appear probable that the Legislature intended that there be no tolling of the statute if counsel is retained prior to the running of the statute.

 The fourth possibility, that the statute is tolled until written notice of the statute of limitations is given, must be evaluated in light of the principle of statutory interpretation which provides that when the Legislature makes a substantial change in a statute which has been the subject of judicial construction, it is presumed to have been fully aware of the judicial construction of the statute and to have intended to alter the law. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155].)

Prior to the 1985 amendment the statutory protection of the notice requirement was enforced even though the claimant was, at some point prior to the running of the statute, represented by counsel. For example, in *Llanera* v. *M & S Pipe Supply Co.*, *supra*, 92 Cal.App.3d 332, plaintiff retained counsel four days after he was injured in an automobile accident. Suit filed 13 months later was held to be timely because the statute of limitations was tolled by the insurance company's payment of property damages without giving notice of the statute of limitations applicable to the personal injury claim. Similarly, in *Malinski* v. *Wegman's Nursery & Landscaping, Inc.*, *supra*, 102 Cal.App.3d 282, counsel was retained at some unspecified point during the year following a slip-and-fall accident. One year and one week after the accident, in response to the claims adjuster's question as to whether suit had been filed, counsel "expressed consternation and observed, 'I guess I will have to report it to my carrier.'" (102 Cal.App.3d at p. 285.) The complaint, filed two days later, alleged that the limitation period had been tolled pursuant to Insurance Code section 11583. The reviewing court, after discussion of issues which are not relevant to the case before us, held that the statute of limitations was tolled by virtue of the fact that the insurance company paid plaintiff's initial hospital bill without giving notice of the statute of limitations. (102 Cal.App.3d at pp. 291-292.)

It appears from the language of the amendment that the Legislature intended to change such results. Therefore, we must reject an interpretation of the statute which would continue the tolling of the statute without regard to when the claimant retains counsel.

The fifth possible interpretation, that the statute is tolled from the date of the advance payment until the date on which the claimant retains counsel, appears to be consistent with the legislative intent of the amendment. Such an interpretation would, however, cause one clause in the statute to be meaningless. That clause appears in the following sentence: "Failure to provide such written notice shall operate to toll any such applicable statute of limitations or time limitations from the time of such advance or partial payment *until such written notice is actually given.*" (Italics added.) We are required, if possible, to interpret the statute so as to give significance to this clause.

We turn, then, to the last possible interpretation, that Insurance Code section 11583, as amended, provides for tolling of the statute of limitations from the date of the advance payment to the date on which the claimant retains counsel or the date upon which the statutory notice is given, whichever comes first. This interpretation is consistent with all applicable principles of statutory interpretation. It executes the unambiguous intent of the Legislature to limit, rather than expand, the duty imposed upon the insurance company and the concomitant protection to the claimant. It also harmonizes and gives significance to every sentence in the statute. We therefore conclude that this is the proper interpretation of the statute.

In the case before us, petitioner's insurance company never gave written notice of the applicable statute of limitations. Therefore, the trial court properly concluded that the one-year statute of limitations was tolled from January 3, 1989, when the first advance payment was made, until the date upon which plaintiff retained counsel. For this reason, petitioner's motion for summary adjudication of the statute of limitations issue was properly resolved in plaintiff's favor.

The petition for writ of mandate is denied, and the stay of proceedings issued by this court on December 12, 1990, is vacated.

George, J., and Goertzen, J., concurred.