Opinion
SMALLWOOD, J.
In this case we hold an insurer does not satisfy the notice requirement of Insurance Code section 11583 by placing this statement—“The Statute of Limitations for Any Physical Injury Claim Will Run One (1) Year From the Date of the Accident”—on the back of a draft tendered by it as a partial payment of a claim made against its insureds.
However, summary judgment was properly granted since the tolling of the statute of limitations caused by the lack of notice was insufficient to allow a complaint for personal injuries to be filed more than 15 months after the date of the accident.
Facts
On May 5, 1989, Edward Conlin (Conlin) filed a complaint alleging that, on January 11, 1988, he had incurred both property damage and personal injuries in an accident caused by Del Mar Paving and Ron Smith (defendants). Defendants’ motion for summary judgment was granted on October 1, 1990,[1] and Conlin’s action was dismissed. The summary judgment in *Supp. 9 favor of defendants turned on a single determination by the lower court— that the one-year statute of limitations on Conlin’s personal injury claim [2] was not tolled since defendants’ insurer did notify Conlin of the applicable statute of limitations as required by Insurance Code section 11583.
It was undisputed that: (1) on February 8, 1988, defendants’ insurer, Progressive Casualty Insurance Company (Progressive Insurance), paid Conlin for property damage arising from a January 11, 1988, accident involving defendants; (2) the words—“The Statute of Limitations for Any Physical Injury Claim Will Run One (1) Year From the Date of the Accident”—appeared on the back of the draft issued by Progressive Insurance to Conlin; (3) Conlin was not represented by an attorney until after the property damage payment was made;[3] (4) Conlin retained an attorney no later than February 23, 1988; and (5) Conlin’s personal injury action against defendants was filed on May 5, 1989, more than 15 months after the accident.
Discussion
Where there are no triable issues of material fact, the remaining question is one of law to be decided by the trial court (Shields v. County of San Diego (1984) 155 Cal.App.3d 103, 108 [202 Cal.Rptr. 30]). An appellate court reviews a lower court’s resolution of a question of law on undisputed facts de novo, giving no deference to the lower court’s ruling (Stratton v. First Nat. Life Ins. Co. (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721]).
An insurer, or any other person, who makes an advance or partial payment is required under Insurance Code section 11583[4] to give written notice to the recipient concerning the statute of limitations applicable to the recipient’s cause of action. The section provides as follows: “Any person, including any insurer, who makes such an advance or partial payment, shall at the time of beginning payment, notify the recipient thereof in writing of the statute of limitations applicable to the cause of action which such recipient may bring *Supp. 10 against such person as a result of such injury .... Failure to provide such written notice shall operate to toll any such applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given. That notification shall not be required if the recipient is represented by an attorney.”

Did Progressive Insurance comply with the notice requirement of section 11583? No.

There is no reported case specifically construing the quality of the notice required by section 11583. However, Llanera v. M & S Pipe Supply Co. (1979) 92 Cal.App.3d 332 [154 Cal.Rptr. 704] held that the payment in full of the property damage portion of a claim was a partial payment under section 11583 and that the insurer’s failure to give any written notice of the statute of limitations applicable to the unpaid portion of the claim tolled the statute of limitations. The Llanera court said, at pages 336-337: “We are convinced that one important legislative reason behind the statute was to prevent a claimant from being lulled into a sense of complacency about filing his suit because of the apparent cooperativeness of the defendant or his insurance company which is indicated by an advance or partial payment of the claim. The written notice calling the claimant’s attention to the appropriate statute of limitations clearly warns the claimant of his legal responsibility and dispels any possibility that his claim might be settled after the statute of limitations has run.”
Here, the notice given complies with the letter of the statutory requirement, i.e., it is written, but it is placed on the back of a document that will not be retained by the claimant and is couched in language that may not be clearly understood by a layperson. It does not fulfill the purpose of the Legislature in requiring that it be given.
The deficiency in the notice provided by Progressive Insurance to Conlin was that it was printed on the back of the draft sent in payment of his property damage claim. While he may have read it when he endorsed the draft, he could only have retained the notice as a part of the documentation relating to his claim by keeping the draft uncashed or by obtaining a copy of the back of the draft prior to cashing it. Requiring that “written notice” be given to the claimant implies that the notice will remain in the claimant’s possession, not be read and returned. In fact, a notice in writing that cannot be retained by the recipient is little better than an oral notice—the functional equivalent of a written notice printed in disappearing ink.
*Supp. 11 In addition, the wording of the notice provided in this case—“The Statute of Limitations for Any Physical Injury Claim Will Run One (1) Year From the Date of the Accident”—would not notify a claimant unfamiliar with legal terminology that he or she must file a lawsuit on his or her personal injury claim within a year of the accident or forgo it forever. In dealing with its own insureds, e.g., in drafting insurance policies, an insurer must not mislead by the use of technical language or “legalese.” “The insurance policy should be read as a layman would read it and not as it might be analyzed by an attorney or insurance expert.” (Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal.3d 112, 115 [95 Cal.Rptr. 513, 485 P.2d 1129].) The Legislature, having been so careful to require clarity of expression in dealing with the public as insureds, could not have intended to condone unintelligibility when dealing with them as claimants.
The clear intent of section 11583 is to protect the unwary claimant from patiently waiting for the apparently cooperative insurance company to pay the balance of the claim while the insurance company is just as patiently waiting for the statute of limitations to expire.
The court in Malinski v. Wegman’s Nursery & Landscaping, Inc. (1980) 102 Cal.App.3d 282, 290-292 [162 Cal.Rptr. 287], in discussing the policy considerations addressed in section 11583, noted that a partial payment on a claim made to an ingenuous claimant was likely to be treated as an acknowledgment of responsibility and was likely to lull the claimant into believing that no further proceedings would be necessary. The court concluded that the Legislature was concerned that a claimant not be misled by an advance, partial payment and wanted the claimant to be informed, at the time the partial payment was made, that legal proceedings might have to be initiated and that there was a limited amount of time in which to do so.
We find that the statement on the back of the draft issued to Conlin by Progressive Insurance does not fulfill the legislative purpose underlying the notice requirement of section 11583. There is little additional effort involved in providing a claimant with notification likely to actually inform the claimant that he or she might have to take further action on the claim and might have to do it within a year. Considering the devastating effect the lack of such effective notification has for an unwary claimant, we find the additional burden of a separate writing is not unreasonable and is consistent with the policy underlying the statute. The clear direction of the notice requirement of section 11583 as well as the public policy consideration underlying the section require that an insurer who makes a partial payment on a claim must, at the time the payment is made, notify the *Supp. 12 claimant, in language understandable to the average layperson and in a separate document that can be retained by the claimant, of the statute of limitations applicable to the portion of the claim that is not being paid.
Our concurring and dissenting colleague takes issue with our opinion stating, without justification, that “the placement of the notification on a separate paper might have been the basis for an argument that it was designed not to be seen by the recipient, thus placing the claimant in the proverbial ‘heads I win, tails you lose’ situation.” He also argues that the notice “complies with the plain meaning of Insurance Code section 11583” and that our legislators have “greater faith in the grammatical capacities of personal injury claimants than this court has.”
Finding legislative intent is difficult enough, we would not begin to search for legislative faith. We think the Legislature knew exactly what it was doing when it enacted section 11583. Its purpose was to impose upon insurance companies the requirement that they treat unrepresented claimants with fairness and, because of that, we hold today that such notification requires something more than legalistic language placed upon the back of a draft which, by its very nature, is intended to convey cooperation and recognition of the claim.

Was Conlin’s complaint filed within the applicable statute of limitations, as tolled under section 11583? No.

Although we find that Progressive Insurance did not comply with the notice requirement of section 11583, thus tolling the statute of limitations applicable to Conlin’s personal injury action against defendants, we are compelled to affirm the lower court’s granting of defendants’ motion for summary judgment. Under a recent decision, Associated Truck Parts, Inc. v. Superior Court (1991) 228 Cal.App.3d 864, 870 [279 Cal.Rptr. 76], the failure of an insurer to provide the notice required by section 11583 tolls the statute of limitations until the written notice is given or until the claimant retains an attorney, whichever occurs first. We are of course, bound by the doctrine of stare decisis to follow that construction (Auto Equity Sales v. Superior Court (1962) 57 Cal .2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]), even though on similar facts we might have reached a different result. Here, the partial payment was made on February 8, 1988, and Conlin retained an attorney no later than February 23, 1988, tolling the statute for, at the most, 15 days, clearly insufficient to make a complaint filed more than 15 months after the accident timely.
*Supp. 13 Disposition
The judgment of the lower court is affirmed.
Bedsworth, J., concurred.

Since the property damage portion of the action would have been governed by a three-year statute of limitations (Code Civ. Proc., § 338, subd. (c)), we presume, in the absence of a contrary showing in the record, that the property damage claim had been disposed of prior to the motion for summary judgment. Otherwise, summary judgment would have been improper *Supp. 9 as a violation of the “one final judgment” rule (see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§43-44, pp.66-68).

Code of Civil Procedure section 340, subdivision (3).

Although defendants’ statement of undisputed material facts did not clearly establish the date that Conlin retained an attorney, it is apparent from the record as well as the appellate briefs that Conlin was not represented by an attorney at the time the property damage payment was made by Progressive Insurance.

All further references will be to the Insurance Code unless noted.