RYLAARSDAM, Acting P. J., Concurring and Dissenting.
I concur that the decision of the lower court should be affirmed pursuant to Associated Truck Parts, Inc. v. Superior Court (1991) 228 Cal.App.3d 864 [279 Cal.Rptr. 76]. In the light of that decision, a discussion of whether the legend on the back of the check constituted compliance with the notice requirement of Insurance Code section 11583 constitutes dictum.
To whatever extent such dictum may nevertheless be relied upon, I think it appropriate to register my dissent from the analysis of this court. The plain meaning of that statute requires that the recipient of the partial payment be notified in writing “of the statute of limitations applicable to the cause of action . . . .” Respondents’ insurance carrier did just that; no more, no less.
Here, the majority opinion complains that the writing is placed on the back of a document that will not be retained by the claimant. It could just as well be argued that the writing was strategically placed on a document which would be sure to be seen by the claimant. If it had been placed on a separate piece of paper, there would be no further assurance that the recipient would have saved it and substantially less assurance that the recipient would actually have read the notification. In fact, the placement of the notification on a separate paper might have been the basis for an argument that it was designed not to be seen by the recipient, thus placing the claimant in the proverbial “heads I win, tails you lose” situation. The fact is that we cannot design a method which would assure us that the inattentive and careless recipient of the notice, in fact, paid attention to it. Nor is it our responsibility to paternalist!cally provide such assurance.
Next, the majority opinion complains of the language used in the notification. The actual statement—“The Statute of Limitations for Any Physical Injury Claim Will Run One (1) Year From the Date of the Accident”—clearly complies with the plain meaning of Insurance Code section 11583 that the recipient of the partial payment be notified “of the statute of limitations applicable to the cause of action . . . .” If the Legislature intended that some other language be used, it could easily have so specified. Apparently our legislators have greater faith in the grammatical capacities of personal injury claimants than this court has. It is not our job to *Supp. 14 amend the plain meaning of a statute to better carry out the perceived purpose of the Legislature (Madrid v. Justice Court (1975) 52 Cal.App.3d 819, 824 [125 Cal.Rptr. 348]). Nor should it be the responsibility of citizens to second-guess the intent of the Legislature at their peril. Had respondents’ insurance carrier done so, and phrased the notification in language different than that mandated by the statute, might there have been a temptation by this court to invalidate the notification on the basis that it failed to comply with the statute?