[Civ. No. 15042.  First Dist., Div. Two.  Aug. 25, 1952.]

MRS. WALTER WYENE et al., Appellants, v. W. F. DURRINGTON et al., Defendants; ASSOCIATED VETERANS INSURANCE COMPANY, Respondent.

Belli, Ashe & Pinney for Appellants.

Crittenden, Jackson & Williams for Respondent.

NOURSE, P. J.—The plaintiffs were injured in a collision with a motor vehicle operated by defendant Durrington. More than a year after the collision plaintiffs brought this

action for damages joining with defendant Durrington his insurance carrier. This was predicated on allegations that defendants were barred from pleading the statute of limitations because of representations of a settlement without suit made by the insurance carrier. The carrier demurred on the ground that it was not a proper party defendant. This demurrer was sustained without leave to amend and plaintiffs have appealed from the ensuing judgment.

The whole appeal is based on a false premise—that the insurance carrier is a necessary or at least a proper party in order to prove an estoppel against the real party defendant. That theory was implicitly rejected by our Supreme Court in *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], where it was held that the county was estopped from pleading the statute because of representations leading to a settlement made to the plaintiff by an agent of the insurance carrier of the defendant county. The precise question raised here was not involved in the Placer County case because the insurance carrier was not joined as a party defendant, but the case is controlling here on the real issue involved—but not fully argued—that an insurance carrier is not a necessary party to permit the plaintiff to plead an estoppel against the real party defendant.

All the cases cited which appear to be contrary to this rule are based on an express provision in an ordinance or in the policy of insurance creating a primary liability on the part of the carrier. Thus in *Van DerHoof* v. *Chambon,* 121 Cal. App. 118, 131 [8 P.2d 925], it is said: "In all the cases in California that we have been able to find which permit the joining of the Insurance Company, there was an express provision in the policy or an ordinance under which it was written providing that the policy should inure to the benefit of the public." In accord are *Grier* v. *Ferrant,* 62 Cal.App.2d 306, 310 [144 P.2d 631]; *Gugliemetti* v. *Graham,* 50 Cal.App. 268, 270 [195 P. 64]; *Milliron* v. *Dittman,* 180 Cal. 443, 446 [181 P. 779].

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 23, 1952. Carter, J., was of the opinion that the petition should be granted.