129 Cal.Rptr.2d 146 (2002)
104 Cal.App.4th 1053
NORTHWEST AIRLINES, INC., Plaintiff and Appellant,
v.
ONTARIO AIRCRAFT SERVICES, INC., Defendant and Respondent.
No. B156158.
Court of Appeal, Second District, Division Five.
December 24, 2002.
Review Granted April 9, 2003.
*148 Rintala, Smoot, Jaenicke & Rees, Robert A. Rees and Robert W. Hodges, Los Angeles, for Plaintiff and Appellant.
Shaw, Terhar & LaMontagne, John W. Shaw, Los Angeles, and Eric A. Amador for Defendant and Respondent.
*147 MOSK, J.
Plaintiff and appellant Northwest Airlines, Inc. (Northwest) alleged in its complaint that an insurer, Great American, breached its obligation required by a regulation to inform Northwest of the statute of limitations applicable to its claim against Great American's insured, Ontario Aircraft Services, Inc. (Ontario). After the period of the applicable statute of limitations expired, Northwest filed its action against Ontario claiming that Ontario is estopped from raising the statute of limitations based on its insurer's (Great American's) failure to comply with its obligation to inform Northwest of the applicable statute of limitations. The trial court sustained Ontario's demurrer without leave to amend on the grounds that the statute of limitations barred the action and that Ontario was not estopped to invoke the statute of limitations. We reverse the trial court's judgment and hold that the insurer's failure to comply with its obligation by regulation to inform a third party claimant of the statutory time limits pertaining to the claim may estop the insured from relying on the applicable statute of limitations in defense of the third party claim against the insured.

*149 FACTUAL AND PROCEDURAL BACKGROUND[1]
On November 1, 1997, an airplane towed by Ontario's employee struck and damaged Northwest's airplane. Northwest submitted a claim to Ontario for the damages. Great American, Ontario's insurer, admitted liability but challenged the reasonableness of the damage claim. Great American and Northwest's Risk Management Department agreed to mediate the dispute, but the mediation never took place.
On October 31, 2001, more than three years after Northwest's plane was damaged, Northwest filed a complaint for damages against Ontario in an amount of not less than $336,000. Code of Civil Procedure section 338, subdivision (c), provides for a three-year statute of limitations for actions based on "injuring any goods or chattels." Northwest alleged that it was being represented by its "Risk Management Department" in its negotiations with Great American, and that Ontario was estopped to assert a statute of limitations defense because Ontario failed to comply with its obligation under California Code of Regulations, title 10, section 2695.7, subdivision (f),[2] to advise Northwest of any statute of limitations applicable to Northwest's claim. The allegations of the complaint may be interpreted to mean that Ontario was estopped to assert the statute of limitations because its insurer, Great American, while acting on Ontario's behalf, failed to give notice of the statute of limitations to Northwest in violation of that applicable regulation.[3] Ontario demurred to the complaint on the sole ground that the statute of limitations barred Northwest's claim. The trial court sustained the demurrer without leave to amend.[4]

DISCUSSION

1. Standard of Review
We review de novo an order sustaining a demurrer without leave to amend. We "`treat the demurrer as admitting *150 all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]'" (Blank v. Kirwan (1985) 39 Cal.3d 311, 318, 216 Cal.Rptr. 718, 703 P.2d 58.) Also, whether the complaint alleges facts sufficient to show that defendant is estopped from asserting a defense of statute of limitations as an affirmative bar to the action is a question of law. (See Ard v. County of Contra Costa (2001) 93 Cal.App.4th 339, 347-348, 112 Cal.Rptr.2d 886.)

2. Great American was required by regulation to inform Northwest of any statute of limitations or other time period requirement that could bar Northwest's Claim.
The purpose of the California Unfair Practices Act (Ins.Code, § 790 et seq.)[5] is to "regulate trade practices" and prohibit "unfair or deceptive acts or practices" in the insurance business. (Ins.Code, § 790.) Insurance Code section 790.10 authorizes the Insurance Commissioner to promulgate any reasonable rules or regulations necessary to administer the Unfair Practices Act. (Ins.Code, § 790.10; see also Spray, Gould & Bowers v. Associated Intermit. Ins. Co. (1999) 71 Cal.App.4th 1260, 1269, 84 Cal.Rptr.2d 552 (Spray).) To establish means to prevent unfair insurance claims practices, the Insurance Commissioner promulgated the Fair Claims Settlement Practices Regulations. (§ 2695.1 et seq. (the Regulations).)
Section 2695.4, subdivision (a), requires an insurer to disclose to a "first party claimant"i.e., one who asserts a right under an insurance policy as a named insured (§ 2695.2, subd. (f))any time limits of any insurance policy issued by the insurer that may apply to the claim.[6] Section 2695.7, subdivision (f) (the Regulation) requires an insurer to give a "claimant" "written notice of any statute of limitations or other time period requirement upon which the insurer may rely to deny a timely claim."[7] The notice must be given *151 not less than 60 days prior to the expiration date. The Regulations define "claimant" to include a first party claimant and a third party claimant. (§ 2695.2, subd. (c).) A third party claimant is one who asserts a claim against a named insured under an insurance policy. (§ 2695.2, subd. (x).) The Regulation does not "apply to a claimant represented by counsel on the claim matter." (§ 2695.7, subd. (f).)
For purposes of this appeal, there is no dispute that Great American had a duty under section 2695.7, subdivision (f), to inform a "third party claimant"here Northwestof any statute of limitations or other time period requirement upon which the insurer or insured may rely to deny a claim. The notification requirements are not limited to contractual periods of limitations applicable to first party claimants. The Regulation refers to a time period requirement "upon which the insurer may rely to deny a timely claim." (Italics added.) In the context of a third party claim, in which only the insured is a party that would rely on a statute of limitations defense, the Regulation must be referring to a time period upon which the insurer on behalf of the insured or the insured may rely. And the reliance referred to must be to a time period requirement that would bar an otherwise timely claim.
The "unmistakable duty to advise" of applicable time limits is part of the Regulations "expressly authorized by Insurance Code section 790.10." (Spray, supra, 71 Cal.App.4th at p. 1269, 84 Cal.Rptr.2d 552.) There is no contention that the Regulations were not duly promulgated. The purpose of such notice provisions is "to foster equity, fairness, and plain-dealing in claims handling." (Ibid.)
Similar notice provisions have been statutorily applied so as to "`prevent a claimant from being lulled into a sense of complacency about filing his suit because of the apparent cooperativeness of the defendant or his insurance company. . ..'" (Associated Truck Parts, Inc. v. Superior Court (1991) 228 Cal.App.3d 864, 868, 279 Cal.Rptr. 76 [interpreting Insurance Code section 11583 so as to toll the statute of limitations if the insurer failed to notify the recipient of a partial payment of the statute of limitations applicable to the cause of action]; accord, Llanera v. M & S Pipe Supply Co. (1979) 92 Cal.App.3d 332, 336-337, 154 Cal.Rptr. 704; Evans v. Dayton Hudson Corp. (1991) 234 Cal.App.3d 49, 54, 285 Cal.Rptr. 550.)

3. The failure to comply with the regulations can result in an estoppel to rely on the statute of limitations.

a. Estoppel
Equitable estoppel or estoppel in pais is a well-established doctrine that "prevent[s] one from taking an unfair advantage of another" (Peskin v. Phinney (1960) 182 Cal.App.2d 632, 636, 6 Cal.Rptr. 389) and "rests firmly upon a foundation of conscience and fair dealing." (City of Long Beach v. Mansell (1970) 3 Cal.3d 462, 488, 91 Cal.Rptr. 23, 476 P.2d 423.)
"Estoppel applies to prevent a person from asserting a right where his conduct or silence makes it unconscionable for him to assert it." (In re Marriage of Recknor (1982) 138 Cal.App.3d 539, 546, 187 Cal.Rptr. 887.) An estoppel can be based on silence when there is a duty to speak. (Bollinger v. National Fire Ins. Co. (1944) 25 Cal.2d 399, 154 P.2d 399; People v. Ocean Shore Railroad (1948) 32 Cal.2d 406, 421-22, 196 P.2d 570; Skulnick v. Roberts Express, Inc. (1992) 2 Cal. App.4th 884, 891, 3 Cal.Rptr.2d 597; Elliano v. Assurance Co. of America (1970) 3 Cal.App.3d 446, 451, 83 Cal.Rptr. 509.) Estoppel is not dependent on a bad faith intent; it can be based on negligence. *152 (Crumpler v. Board of Administration, (1973) 32 Cal.App.3d 567, 582, 108 Cal. Rptr. 293.) The California Supreme Court said, "`An estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. [Citation.] To create an equitable estoppel, "it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss." ". . . Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense."' [Citations.]" (Vu v. Prudential Property & Casualty Ins. Co. (2001) 26 Cal.4th 1142, 1152-1153, 113 Cal.Rptr.2d 70, 33 P.3d 487.)
The estoppel doctrine can preclude a party from relying upon a statute of limitations defense even when the Legislature has provided that the period of limitations may not be tolled. (Battuello v. Battuello (1998) 64 Cal.App.4th 842, 847, 75 Cal.Rptr.2d 548 (Battuello).) As the court said in Battuello, "`Equitable estoppel . . . is not concerned with the running and suspension of the limitations period, but rather comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period. Its application is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongd
oing in a court of justice. Thus, because equitable estoppel operates directly on the defendant without abrogating the running of the limitations period as provided by statute, it might apply no matter how unequivocally the applicable limitations period is expressed.'" (Id. at pp. 847-848, 75 Cal.Rptr.2d 548.)

b. Existing Authority Applying Estoppel to a First Party Claim

The failure of an insurer to comply with a regulation requiring the insurer to give notice of the limitations period may estop the insurer from obtaining the benefits of the statute of limitations as a defense to the insured's claim. Thus, in Spray, supra, 71 Cal.App.4th 1260, 84 Cal. Rptr.2d 552, the court held that an insurer is estopped from raising the contractual limitations defense to an action brought against it by its insured when the insurer failed, to inform its insured of the contractual limitations period, as section 2695.4, subdivision (a), required it to do. (Accord, Neufeld v. Balboa Ins. Co. (2000) 84 Cal. App.4th 759, 101 Cal.Rptr.2d 151 (Neufeld).)
Because Spray and Neufeld concerned an insurer's duty to inform its insured of a contractual limitations period in the insurance policy, those cases addressed estoppel in the context of a first party claim and not a third party claim, such as is at issue here. Although Spray and Neufeld did not address whether in connection with a third party claim, the doctrine of estoppel can bar the statute of limitations defense, the cases do stand for the proposition that the failure to comply with an applicable regulation's notification requirement may result in an estoppel to rely on a limitations period.
As pointed out in Spray, neither the Insurance Code nor any "established legal doctrine" precludes the Regulations from having a "wider effect" than the specified administrative sanctions. (Spray, supra, 71 Cal.App.4th at pp. 1269-1270, 84 Cal. Rptr.2d 552.) The regulatory requirement *153 was intended to prevent unfair and misleading conduct. The administrative remedy only punishes the failure to comply with the Regulations and does not deal with the consequences of such a failure. Existing legal principles, such as equitable estoppel, may be available to prevent injustice and do equity when there has been a regulatory violation injuring an innocent party.
That an administrative regulation may not give rise to a negligence duty of care (California Service Station etc. Assn. v. American Home Assurance Co. (1998) 62 Cal.App.4th 1166, 73 Cal.Rptr.2d 182) does not preclude the invocation of the doctrine of equitable estoppel to prevent an insurer and its insured from taking advantage of a violation of a regulation promulgated to prevent unfairness and misleading conduct. Nor does the proscription of a new cause of action against an insurer based on a violation of a regulation (Moradi-Shalal, supra, 46 Cal.3d at p. 304, 250 Cal.Rptr. 116, 758 P.2d 58) bar the application of equitable estoppel. We do not deal here with a new basis of insurer liability. Rather, we are concerned with whether an insurer and its insured should be able to capitalize on a violation of a regulation. "It is one thing not to allow a private cause of action; it is another not to allow an insurer to gain the benefit of a claimant's ignorance that a regulation is supposed to dispel." (Neufeld, supra, 84 Cal.App.4th at p. 764, 101 Cal.Rptr.2d 151.) Moradi-Shalal expressly did not foreclose judicial remedies for a violation of the Unfair Practices Act under "traditional theories"it just precluded a cause of action based on a violation of the Regulations. (Moradi-Shalal, at pp. 287, 304-305, 250 Cal.Rptr. 116, 758 P.2d 58; Neufeld, at p. 763, 101 Cal.Rptr.2d 151.)
It may be, as suggested in Moradi-Shalal, that an unfair business practice subject to an administrative sanction consists of a "pattern" or "general business practice" of unfair settlement practices rather than a single act. (Ins.Code, § 790.03, subd. (h)[8]; Moradi-Shalal, supra, 46 Cal.3d at p. 303, 250 Cal.Rptr. 116, 758 P.2d 58.) But we do not consider here the assertion of a cause of action based on an unfair business practice. Instead, we are concerned with the effect of the violation of a regulation calculated to prevent an unfair business practice. The Regulations require that notices be given. One violation of the Regulations may not be an unfair business practice subject to administrative action, but that does not mean that the insurer's failure to comply with the Regulations cannot have legal consequences. Estoppel is a traditional legal consequence or remedy not precluded by Moradi-Shalal. Moreover, the Regulations specify that the proscribed claims settlement practicesincluding the notice provisions"when either knowingly committed on a single occasion, or performed with such frequency as to indicate a general business practice, are considered to be unfair claims settlement practices and are, thus, prohibited by this section [§ 790.03, subd. (h) ] of the California Insurance Code." (§ 2695.1, subd. (a).)
Sections 2695.4, subdivision (a) and 2695.7, subdivision (f), impose a duty to speak or act. A violation of the notice provisions of those sections has the potential effect of lulling a first party or a third party claimant into sleeping on its right to file a timely claim. It is that effect the Insurance Commissioner sought to prevent by the notice requirements. Accordingly, the failure to comply with a notice requirement is the type of conduct that may cause *154 an injury unless the estoppel doctrine is applied.

c. Estoppel should apply to a third party claim.

The rationale of Spray and Neufeld is applicable in a third party claim situation.

i. Insurer

Under Spray and Neufeld the insurer is estopped from relying upon a defense of a limitations period when it has violated a requirement in the Regulations to give notice to a claimant of the period of limitations. Estoppel prevents the insurer from benefiting from its violation of a regulation intended to protect claimants.
When there is a third party claim, it is the insurer, conducting the defense, that asserts the statute of limitations defense. Although it does so on behalf of, and in the name of, the insured, in reality, as indemnitor, it is a beneficiary of such a defense. Moreover, as alleged in the Northwest complaint, it is the insurer that engaged in the settlement discussions; it is because such discussions may cause a claimant to delay filing a claim that the notice of the limitations period is viewed as necessary. Even if the insurer is defending the claim with a reservation of rights, it still benefits from the successful assertion of the statute of limitations because it will not have a conflict with its insured that might result from any liability of the insured to the third party claimant.
Under the reasoning of Spray and Neufeld, the insurer that violates the regulation requiring notice to a third party claimant of the applicable statute of limitation should not be able to benefit by being able to invoke the statute of limitation defenseeven if on behalf of the insured. The insurer cannot rely on its wrong for its own advantage. To allow it to do so would foster the unfair settlement practices that the Regulation was intended to deter. Thus, the estoppel doctrine should apply to prevent the insurer from profiting from its violation of the Regulationjust as in Spray and Neufeld.

ii. Insured

In a third party action, the insured is the named party and the one that asserts the statute of limitations. The insured is likely to have its own interest in the outcome of the third party claim notwithstanding the existence of insurance covering the third party claim and the defense being provided by the insurer. An absolute identity of interest between the insured and the insurer is not inevitable. The policy may not cover the entire claim. The defense may be undertaken by the insurer with a reservation of rights as to coverage. There is often a deductible for which the insured is responsible. And the insured may have reputation and economic interests in not having a lawsuit pending against it or judgment of liability against it notwithstanding its insurance coverage.
Nevertheless, in order to prevent the insurer from benefiting from its violation of the Regulation, it is necessary to estop the insured from asserting the statute of limitations defense. Because of the relationship of the insurer and insured, such application of the estoppel doctrine to the insured is not unreasonable.
No matter what the formal, legal relationship between the insured and the insurer, the insured has contracted with the insurer to defend on behalf of the insured the claim against the insured. In connection with this defense, the insurer's acts and omissions that would estop the insurer should also estop the insured. "An estoppel binds not only the immediate parties to the transaction but those in privity with them." (Crumpler v. Board of Administration, *155 supra, 32 Cal.App.3d at p. 582, 108 Cal.Rptr. 293.) "Privity does not depend upon whether the parties constitute independent legal entities; successive owners of property often assume the relationship of privity although they are independent legal persons. `Who are privies requires careful examination into the circumstances of each case as it arises. In general, it may be said that such privity involves a person so identified in interest with another that he represents the same legal right.'" (Lerner v. Los Angeles City Board of Education (1963) 59 Cal.2d 382, 398, 29 Cal.Rptr. 657, 380 P.2d 97.) The allegations in this case suggest that the insured and the insurer have such a relationship that they are, in effect, in privity for purposes of the application of the estoppel doctrine to preclude the insured from relying upon the statute of limitations.
Even if one were to conclude that the relationship of insurer and insured does not result in the conventional application of the estoppel doctrine to the insured, as Judge Magruder once wrote in connection with the estoppel of an insured to invoke the statute of limitations based on acts of the insurer: "Whether `estoppel' is the right word is an unimportant matter of terminology. What counts is the substantive result. Under the old strict differentiation between law and equity, perhaps the plaintiff would have been required to file a bill in equity setting up the circumstances under which, in equity and good conscience, the defendant should be precluded from insisting upon the bar of the statute and asking for an injunction against the pleading of such defense in the pending law action. . .. But the Massachusetts decisions have sanctioned in the action at law what is in effect an equitable replication to the plea in bar." (Bergeron v. Mansour (1st Cir.1945) 152 F.2d 27, 33 (cone. opn. of Magruder, J.).)
Here, too, under California law, which has consolidated law and equity (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 112, p. 179), the application of equitable principles in these circumstances is appropriate. By violating a regulation intended to insure that claimants would not be lulled into having claims barred by the statute of limitations, the insurer has caused the very results sought to be prevented by the regulation. The insurer and its insured should not benefit from such a violation. Whether "`estoppel' is the right word," equitable principles should be applied, as they were in Spray. (Bergeron v. Mansour, supra, 152 F.2d at p. 33.)
There is authority for the proposition that acts by an insurer may estop the insured because of the relationship between the insurer and the insured. (Regus v. Schartkoff (1957) 156 Cal.App.2d 382, 385-386, 319 P.2d 721 [fraud or misrepresentations by the insurer's claims adjuster to a third party claimant can estop the insurer's insured from raising the statute of limitations as a defense];[9] see also Wyene v. Dunington (1952) 112 Cal. App.2d 821, 822, 247 P.2d 414 [insurance carrier that made representations to plaintiff is not a necessary party to permit plaintiff to plead an estoppel against defendant-insured].) [10] In a case involving a *156 notification statute similar to the regulation in the instant Delaware court held that, "if a claim was presented to the insurer, the insurer had the obligation to notify the claimant of the applicable statute of limitations and, in the absence of such notification, the insurer and its insured would be barred from asserting the statute of limitations against the claimant." (Samoluk v. Basco, Inc. (Del.Super.Ct.1987) 528 A.2d 1203, 1204, italics added.)
The insured "cannot turn over to an insurer the whole management of the subject of settlements in his behalf and accept the benefit of the insurer's efforts when they are successful and relieve him from liability but repudiate their consequences when they affect his defense adversely. It is no answer to say that the company acts in its own behalf, and that defendant [the insured] cannot control its conduct. It does act in its own behalf, but it also acts in behalf of the defendant to the extent of his interest in the defense, although by the terms of the contract the company may exercise its own judgment to its own advantage uncontrolled by the defendant. [Citations.]" (Hayes v. Gessner (1944) 315 Mass. 366, 52 N.E.2d 968, 969; see Golden v. Faust (9th Cir.1985) 766 F.2d 1339; Bergeron v. Mansour, supra, 152 F.2d 27.)
The Regulation provides that the insurer shall give notice of a statute of limitations "upon which the insurer may rely to deny a timely claim." (§ 2695.7, subd. (f).) As noted above, because this Regulation covers third party claims, to make any sense, it must include reliance upon a statute of limitations by the insurer in its representation of and on behalf of the insured and therefore derivatively by the insured. This wording recognizes the reality that the insured's interests are being handled by the insurer.
As discussed, the reason for section 2695.7, subdivision (f), is to prevent what has been deemed to be an unfair practicelulling claimants into a sense of complacency about filing their suit because of the negotiations. If there were no estoppel, there would be little motivation for an insurance carrier not to engage in this unfair practice in order to avoid significant liability, as well as the liability of the insured on whose behalf it acts. The theoretical possibility of some administrative sanctions would, in many instances, pale in comparison to the amounts saved (here, at least $336,000). This is especially so if a single act of failing to comply with the regulation will not result in any sanction. (Ins.Code, § 790.03, subd. .(h).)
Permitting Northwest to plead and prove an estoppel against Ontario does not, as Ontario contends, contravene public policy. Rather, it furthers the public policy regarding fair settlement practices. Fair settlement practices promote settlements, which are in the public interest. (Skulnick v. Roberts Express, Inc., supra, 2 Cal.App.4th at 891, 3 "Cal.Rptr.2d 597 ["Public policy strongly discourages litigation and encourages settlement"].) Requiring an insurer to deal fairly with a claimant does not, as Ontario argues, provide an incentive to persons and entities to "go bare" because uninsureds, but not insureds, will be able to raise the statute of limitations. It is difficult to imagine that any party would forego insurance on the possibility that without insurance it is more likely that the party would have a successful statute of limitations defense. Also, even if estoppel could only be applied *157 to the insurer when it was conducting the defense, then there would be an incentive for the insured and the insurer to have the insured handle its own defense in order to avoid being estopped from relying on the statute of limitations.
If an insured is left without the benefit of a statute of limitations defense based on the unfair settlement practice of its insurer and suffers some loss not covered by the insurance, then the insured has the option of suing its insurer to recover any nonindemnified losses. Of course, it might be difficult for the insured to establish that had the notice been given, the period of limitations would have run. Suing the insurer, however, is not an option available to a third party claimant, for there is no private right of action for violation of the Unfair Practices Act. (Moradi-Shalal, supra, 46 Cal.3d at p. 294, 250 Cal.Rptr. 116, 758 P.2d 58.) Thus, while Great American might be subject to administrative penalties if it violated insurance regulations, without the application of the estoppel doctrine it would not suffer any direct consequence of its unfair settlement practice, other than some highly theoretical exposure to the insured.
An insured that has gained a statute of limitations defense only because of its insurer's breach of a regulatory duty suffers no inequity if it cannot take advantage of that defense. Had the notice been given, it is unlikely that the statute of limitations would have run. The insured will still be able to defend against the claim on the merits and have whatever insurance coverage to which it is entitled. Whether or not the statute of limitations is considered a disfavored defense (see 3 Witkin, Cal. Procedure, supra, Actions, § 408, p. 513, § 411, p. 518), Justice Traynor did write in connection with limitation periods, that "equitable considerations" justified relief in instances when a "technical defense" enables a defendant "to obtain an unconscionable advantage and enforce a forfeiture." (Bollinger v. National Fire Ins. Co., supra, 25 Cal.2d at p. 411, 154 P.2d 399.)
That Northwest is a large company, the lay personnel of which should be expected to know the applicable statute of limitations, may or may not be valid, but this factor has no bearing on the legal issue here. After all, in Spray, the plaintiff that was able to invoke the estoppel doctrine in connection with not receiving notice of a limitations period was a law firm. (Spray, supra, 71 Cal.App.4th at p. 1263, 84 Cal. Rptr.2d 552.)
Because plaintiff has stated facts sufficient to overcome at the demurrer stage the affirmative defense of the statute of limitations does not mean that the evidence produced will fulfill the requirements for estopping Ontario from invoking that defense. For example, the Regulation would not apply if the evidence shows that Northwest was represented by counsel in connection with its claim against Ontario. (§ 2695.7, subd. (f).)

CONCLUSION
It would be inequitable to hold, on a demurrer, that Northwest should not be permitted to assert and prove that Ontario is estopped from raising the statute of limitations. The equities favor Northwest, which, without its estoppel argument, would be barred from asserting its claim for damages because of a violation of an obligation by the entity with whom Northwest dealt on the claim. "[E]quitable estoppel is not a punitive notion, but rather a remedial judicial doctrine employed to insure fairness, prevent injustice, and do equity." (Spray, supra, 71 Cal.App.4th at p. 1270, 84 Cal.Rptr.2d 552.)
*158 The court in Neufeld, supra, 84 Cal. App.4th at page 764, 101 Cal.Rptr.2d 151, stated, "Without belaboring the points made in Spray, Gould, it is enough to remark the sheer unseemliness of an insurer's being able to profit by flouting the regulations of the Insurance Commissioner in a context where it does not incur any 'new or expanded' liability. . .. [Citation.]" It is no less unseemly to reward for such a violation both the insured, for whom the insurer is acting, and the insurer, which will likely incur the obligation.
The plaintiff has stated facts sufficient to plead that Ontario is estopped to rely on the statute of limitations. Plaintiff thus has the opportunity to establish that the facts are such that there should be such an estoppel in this case.

DISPOSITION
The trial court's judgment is reversed. The trial court is directed to overrule Ontario Aircraft Services, Inc.'s demurrer to the complaint. Defendant and respondent Ontario Aircraft Services, Inc. is to bear costs on appeal.
I concur: ARMSTRONG, J.
GRIGNON, J., Dissenting.
An insurer has a regulatory duty to notify in writing an unrepresented third party claimant with whom the insurer is negotiating that the expiration of a statute of limitations is imminent. (Cal.Code Regs., tit. 10, § 2695.2, subd. "(f).) The insurer in this case allegedly failed to provide the required regulatory notice, and the claim did not settle. Following the expiration of the three-year statute of limitations for property damage, the third party claimant filed a complaint against the insured. The insured demurred on the ground the expiration of the statute of limitations appeared on the face of the complaint. Relying on Spray, Gould & Bowers v. Associated Internal. Ins. Co. (1999) 71 Cal.App.4th 1260, 84 Cal.Rptr.2d 552 and Neufeld v. Balboa Ins. Co. (2000) 84 Cal.App.4th 759, 101 Cal.Rptr.2d 151, the third party claimant opposed the demurrer, claiming the insured was estopped to assert the statute of limitations based on the insurer's failure to comply with its regulatory duty. The trial court sustained the demurrer and dismissed the complaint. The third party claimant appealed. In my opinion, an insured is not estopped to assert the expiration of the statute of limitations in an action brought by a third party claimant, based on the failure of its insurer to comply with a regulatory notice duty applicable only to the insurer. I would affirm.
Northwest Airlines, Inc. contends Ontario Aircraft Services, Inc. is estopped to assert the expiration of the statute of limitations based on Great American's alleged failure to comply with its regulatory duty to notify an unrepresented third party claimant of the imminent expiration of the statute of limitations. I disagree for a number of reasons. First, the law is not clear that an insured may be estopped to assert the statute of limitations by the conduct of its insurer; the insurer is not the agent of the insured. Second, ordinarily an adverse party has no duty to disclose the statute of limitations to the opposing party, and a duty to speak does not arise out of a regulation promulgated by the Insurance Commissioner. Third, a single violation of the unfair insurance practices statutes and regulations should not create an estoppel. Fourth, the courts should not apply the doctrine of equitable estoppel in the context of a regulation based on a statute where neither the Legislature nor the regulatory agency have provided for such a remedy. Fifth, the remedies provided by the unfair insurance practices statutes and regulations are adequate *159 to enforce their provisions. Finally, a principal is not estopped to assert the statute of limitations by the failure of its agent to comply with a regulatory duty imposed on only the agent. I begin by setting forth the law applicable to these various underlying issues.

Insurance Statutes and Regulations
Article 6.5 of the Insurance Code regulates unfair practices in the business of insurance. (Ins.Code, § 790.) Insurance Code section 790.03 sets forth acts prohibited as unfair practices in the business of insurance. This section creates no private right of action to sue insurance companies. (Moradi-Shalal v. Fireman's Fund Ins. Companies (1988) 46 Cal.3d 287, 292, 250 Cal.Rptr. 116, 758 P.2d 58.) Prohibited acts include: "Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices: [¶] Misleading a claimant as to the applicable statute of limitations." (Ins. Code, § 790.03, subd. (h)(15).) With respect to unfair claims settlement practices, the Insurance Commissioner is authorized to: examine and investigate insurance companies (Ins.Code § 790.04); issue orders to show cause, hold hearings, and issue cease and desist orders (Ins.Code § 790.05); impose civil penalties (Ins.Code § 790.035); obtain court orders (Ins.Code § 790.06); and suspend or revoke the license of the insurer to do business (Ins. Code §§ 790.07, 790.09).
The Insurance Commissioner is authorized to promulgate regulations to administer Article 6.5. (Ins.Code § 790.10.) The Insurance Commissioner has promulgated Fair Claims Settlement Practices Regulations pursuant to Insurance Code section 790.03, subdivision (h). (Cal.Code Regs, tit. 10, § 2695.1 et seq.) Included in the Fair Claims Settlement Practices Regulations is California Code of Regulations, title 10, section 2695.7, subdivision (f), which requires an insurer to provide written notice of the expiration of the statute of limitations, at least 60 days prior to the expiration, to an unrepresented third party claimant with whom the insurer is negotiating. California Code of Regulations, title 10, section 2695.7, subdivision (f) provides: "Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a timely claim. Such notice shall be given to the claimant not less than sixty (60) days prior to the expiration date; except, if notice of claim is first received by the insurer within that sixty days, then notice of the expiration date must be given to the claimant immediately. With respect to a first party claimant in a matter involving an uninsured motorist, this notice shall be given at least thirty (30) days prior to the expiration date; except, if notice of claim is first received by the insurer within that thirty days, then notice of the expiration date must be given to the claimant immediately. This subsection shall not apply to a claimant represented by counsel on the claim matter." A claimant includes a third party claimant. (Cal.Code Regs, tit. 10, § 2695.2, subd. (c).)

Equitable Estoppel
"The equitable doctrine of estoppel in pais is applicable in a proper case to prevent a fraudulent or inequitable resort to the statute of limitations. A person by his conduct may be estopped to rely on the statute. Where the delay in commencing an action is induced by the conduct of the defendant, it cannot be availed of by him as a defense. One cannot justly or equitably lull his adversary into a false sense of security and thereby cause him to subject his claim to the bar of the statute of *160 limitations, and then be permitted to plead the very delay caused by his conduct as a defense to the action when brought. Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made may create an estoppel against pleading the statute." (Regus v. Schartkoff (1957) 156 Cal.App.2d 382, 386-387, 319 P.2d 721.)
"An estoppel against a limitations defense usually `"arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action."' [Citations.] [¶] `"Four elements must ordinarily be proved to establish an equitable estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and[ ](4) he must rely upon the conduct to his injury."'" (Spray, Gould & Bowers v. Associated Internal Ins. Co., supra, 71 Cal.App.4th at pp. 1267-1268, 84 Cal.Rptr.2d 552.) "Application of equitable estoppel against the assertion of a limitations defense typically arises through some misleading affirmative conduct on the part of a defendant." (Id. at p. 1268, 84 Cal.Rptr.2d 552.) "An estoppel may arise from silence where there is a duty to speak." (Ibid.) A duty of disclosure may arise out of an insurer's duty of good faith owed to an insured. (Bollinger v. National Fire Ins. Co. (1944) 25 Cal.2d 399, 411, 154 P.2d 399.) A duty of disclosure may also arise out of a fiduciary relationship. (Lix v. Edwards (1978) 82 Cal.App.3d 573, 580-581, 147 Cal.Rptr. 294.) A duty to speak may be found in the attorney-client relationship. (Dettamanti v. Lompoc Union School Dist. (1956) 143 Cal.App.2d 715, 722, 300 P.2d 78.) As a general rule, an adverse party has no duty to disclose the applicable statute of limitations to the opposing party. (Muraoka v. Budget Rent A Car, Inc. (1984) 160 Cal. App.3d 107, 117-118, 206 Cal.Rptr. 476.)

Duty of Disclosure
Neither the Legislature nor the courts have created a duty of disclosure to advise an adverse party of the applicable statute of limitations. The doctrine of equitable estoppel is a judicial doctrine generally applicable to misleading statements or misrepresentations concerning the statute of limitations. The doctrine has been codified at Evidence Code section 623.[1] Similarly, Insurance Code section 790.03, subdivision (h)(15) prohibits an insurer from "misleading" a claimant about the applicable statute of limitations; the statute imposes no duty of disclosure. It is only the Insurance Commissioner's regulation that imposes a duty of disclosure in this context. (Cal.Code Regs., tit. 10, § 2695.7, subd. (f).) The courts and the Legislature may create a duty of disclosure of the statute of limitations that may give rise to an equitable estoppel or tolling, but an administrative agency regulation may not create such a duty. (See California Service Station etc. Assn. v. American Home Assurance Co. (1998) 62 Cal.App.4th 1166, 1175, 73 Cal.Rptr.2d 182 [insurance regulations requiring disclosure of certain information did not create a duty of care where statutes prohibited misrepresentations and false and misleading statements].)
The question of when a legislatively promulgated statute of limitations is tolled is *161 an issue of fundamental public policy. (See Valley Circle Estates v. VTN Consolidated, Inc. (1983) 33 Cal.3d 604, 615, 189 Cal.Rptr. 871, 659 P.2d 1160.) Fundamental policy decisions cannot be delegated to an administrative agency. (California Service Station etc. Assn. v. American Home Assurance Co., supra, 62 Cal. App.4th at pp. 1175-1176, 73 Cal.Rptr.2d 182.) "`An administrative agency cannot by its own regulations create a remedy which the Legislature has withheld. [Citations.]'" (Id. at p. 1176, 73 Cal.Rptr.2d 182.) A statute which prohibits false and misleading statements concerning the statute of limitations does not create a duty of disclosure. (See ibid.)
In another context, the Legislature has created a duty of disclosure by both insurance companies and insureds to third party claimants and has created a remedy for nondisclosure. Insurance Code section 11583 requires any person who makes an advance or partial payment of a claim to a claimant to "notify the recipient thereof in writing of the statute of limitations applicable to the cause of action which such recipient may bring against such person." The statute continues: "Failure to provide such written notice shall operate to toll any such applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given." (Ins.Code, § 11583.) This statute creates an express tolling of the statute of limitations as to the entire action, not limited to any particular party. (Associated Truck Parts, Inc. v. Superior Court (1991) 228 Cal.App.3d 864, 870, 279 Cal.Rptr. 76; Llanera v. M & S Pipe Supply Co. (1979) 92 Cal.App.3d 332, 337, 154 Cal.Rptr. 704; Evans v. Dayton Hudson Corp. (1991) 234 Cal.App.3d 49, 53, 285 Cal.Rptr. 550 [tolling inapplicable to spouse's derivative cause of action for loss of consortium].) The statutory tolling of a statute of limitations is to be distinguished from the doctrine of equitable estoppel, which prevents a particular party from asserting an expired statute of limitations period as a defense. Clearly, the statutory notification requirements and express tolling provisions of Insurance Code section 11583 are no authority for the judicial creation of an equitable estoppel based on an administrative regulation.

Agency
As a general rule, a defendant is estopped only by his or her own conduct. (Brown v. Bleiberg (1982) 32 Cal.3d 426, 438, 186 Cal.Rptr. 228, 651 P.2d 815; A & B Painting & Drywall, Inc. v. Superior Court (1994) 25 Cal.App.4th 349, 355, 30 Cal.Rptr.2d 418; Hurlimann v. Bank of America (1956) 141 Cal.App.2d 801, 806-807, 297 P.2d 682 [executor of estate not estopped by conduct of deceased].) Under some circumstances a defendant principal may be estopped by the deceit or misrepresentation of an agent. (Pashley v. Pacific Elec. Ry. Co. (1944) 25 Cal.2d 226, 235-236, 153 P.2d 325 [employees]; Farrell v. County of Placer (1944) 23 Cal.2d 624, 627-628, 145 P.2d 570 [officer or employee]; see also Carlton Browne & Co. v. Superior Court (1989) 210 Cal.App.3d 35, 39-46, 258 Cal.Rptr. 118 [written waiver of the statute of limitations may be signed by authorized agent].) A principal may be estopped to assert the statute of limitations by the deceit and misrepresentation of its agent, if the agent is authorized to act on behalf of the principal and the deceit or misrepresentation was not intended for the benefit of the agent, but for the sole pecuniary advantage of the principal. (Pashley v. Pacific Elec. Ry. Co., supra, 25 Cal.2d at p. 235, 153 P.2d 325.)
There is no California authority holding that an insured is estopped to assert the statute of limitations based on the affirmative misleading conduct of the insurer as to the time limitations. I am aware of two *162 cases in which such an estoppel has been assumed. In Regus v. Schartkoff, supra, 156 Cal.App.2d 382, 319 P.2d 721, there was an appeal from a judgment of dismissal following the sustaining of a demurrer. The complaint alleged that the claims adjuster for the insurer was the agent of the insureds. The opinion assumed without discussion that the insureds might be estopped under these circumstances, but held that the plaintiffs had failed to bring the action within a reasonable time after the estoppel expired. (Id. at p. 387, 319 P.2d 721.)[2] In Kunstman v. Mirizzi (1965) 234 Cal.App.2d 753, 44 Cal.Rptr. 707, the plaintiff alleged an estoppel to assert the statute of limitations on the part of the insured for misconduct of the insurer's adjuster. Without discussing whether the insured could be estopped, the court concluded the facts alleged were insufficient to assert an estoppel. (Id. at pp. 757-758, 44 Cal.Rptr. 707.)[3] Thus, in neither case was the issue raised, discussed or squarely presented.
An insurer is not the agent of its insured during settlement negotiations and litigation with a third party claimant. (Holmes v. Hughes (1932) 125 Cal.App. 290, 293, 14 P.2d 149; compare Brown v. Guarantee Ins. Co. (1957) 155 Cal.App.2d 679, 687, 319 P.2d 69 [insurer liable to insured for bad faith failure to settle within the policy limits].)[4] The "insurer is entitled to take control of the settlement negotiations and the insured is precluded from interfering therewith." (Commercial Union Assurance Companies v. Safeway Stores, Inc. (1980) 26 Cal.3d 912, 919, 164 Cal.Rptr. 709, 610 P.2d 1038.) "[T]he insurance company retains control of the litigation." (Ivy v. Pacific Automobile Ins. Co. (1958) 156 Cal.App.2d 652, 659, 320 P.2d 140.) The insurer has "the right to control the defense of the claimto decide whether to settle or to adjudicate the claim on its merits. [Citation.] When the insurer provides a defense to its insured, the insured has no right to interfere with the insurer's control of the defense. . .." (Safeco Ins. Co. v. Superior Court (1999) 71 Cal. App.4th 782, 787, 84 Cal.Rptr.2d 43.)

Moradi-Shalal v. Fireman's Fund Ins. Companies
"In Royal Globe [Ins. Co. v. Superior Court (1979) 23 Cal.3d 880, [153 Cal.Rptr. *163 842, 592 P.2d 329]], the [Supreme C]ourt held that Insurance Code section 790.03, subdivision (h) (a provision of the Unfair Practices Act, Ins.Code, § 790 et seq.), created a private cause of action against insurers who commit the unfair practices enumerated in that provision." (Moradi-Shalal v. Fireman's Fund Ins. Companies, supra, 46 Cal.3d at p. 292, 250 Cal. Rptr. 116, 758 P.2d 58.) In Moradi-Shalal, the Supreme Court overruled Royal Globe. In arriving at its conclusion, the Supreme Court relied on a number of bases, two of which bear on the issue in this case. First, the Supreme Court concluded the Legislature had not intended to create a private right of action for violations of Insurance Code section 790.03, subdivision (h). (Id. at pp. 294-304, 153 Cal.Rptr. 842, 592 P.2d 329.) The Supreme Court noted that if the Legislature had so intended, it would have so stated in direct language. (Id. at pp. 294-295, 153 Cal.Rptr. 842, 592 P.2d 329.) The Supreme Court also noted that a single act of misconduct did not constitute a violation of Insurance Code section 790.03, subdivision (h) ["with such frequency as to indicate a general business practice"]. (Id. at pp. 295, 303, 153 Cal. Rptr. 842, 592 P.2d 329.)
Second, the Supreme Court concluded that the acts prohibited by Insurance Code section 790.03 were intended by the Legislature "`to be considered unfair practices subject to administrative regulation and discipline and then only if committed with the requisite frequency.'" (Moradi-Shalal v. Fireman's Fund Ins. Companies, supra, at pp. 295-296, 250 Cal.Rptr. 116, 758 P.2d 58.) The Supreme Court determined that such administrative regulation was adequate. "We caution, however, that our decision is not an invitation to the insurance industry to commit the unfair practices proscribed by the Insurance Code. We urge the Insurance Commissioner and the courts to continue to enforce the laws forbidding such practices to the full extent consistent with our opinion. [¶] In that regard, we observe that our opinion leaves available the imposition of substantial administrative sanctions by the Insurance Commissioner (see [Ins.Code,] §§ 790.05-790.09). These sanctions include issuance of cease and desist orders to enjoin further violations of [Insurance Code] section 790.03. (See [Ins.Code,] § 790.05.) Willful violations of such orders may result in a maximum fine of $55,000; repeated violations may result in a suspension of the insurer's license for up to a year. ([Ins.Code,] § 790.07.)" (Id, at p. 304, 250 Cal.Rptr. 116, 758 P.2d 58.) "Moreover, apart from administrative remedies, the courts retain jurisdiction to impose civil damages or other remedies against insurers in appropriate common law actions, based on such traditional theories as fraud, infliction of emotional distress, and (as to the insured) either breach of contract or breach of the implied covenant of good faith and fair dealing. Punitive damages may be available in actions not arising from contract, where fraud, oppression or malice is proved. (See Civ. Code, § 3294.) In addition, prejudgment interest may be awarded where an insurer has attempted to avoid a prompt, fair settlement. (See id., § 3291.) Finally, nothing we hold herein would prevent the Legislature from creating additional civil or administrative remedies. . .." (Id. at pp. 304-305, 250 Cal.Rptr. 116, 758 P.2d 58.)

Spray, Gould & Bowers and Neufeld
Two cases have concluded that an insurer is equitably estopped to assert a one-year contractual limitations defense against its insured when the insurer fails to give the insured notice of the time limit as required by regulation. "Every insurer shall disclose to a first party claimant . . . all . . . time limits . . . of any insurance *164 policy issued by that insurer that may apply to the claim presented by the claimant." (Cal.Code Regs., tit. 10, § 2695.4, subd. (a).) In Spray, Gould & Bowers v. Associated Internat. Ins. Co., supra, 71 Cal.App.4th 1260, 84 Cal.Rptr.2d 552, Division Three of this District concluded that equitable estoppel may arise not only from affirmative misleading conduct, but also from silence where there is a duty to speak. (Id. at p. 1268, 84 Cal.Rptr.2d 552.) Division Three further concluded that an insurer's duty to speak arises from the regulation requiring notice. (Id. at p. 1269, 84 Cal.Rptr.2d 552.) In defense of an equitable estoppel remedy for a violation of the regulation, Division Three concluded: (1) although the regulations do not include an estoppel remedy, it is within the province of the courts to create such a remedy; (2) the administrative remedies of action against the insurer's license and/or monetary penalties are insufficient; and (3) creation of an equitable estoppel remedy is consistent with Moradi-Shalal v. Fireman's Fund Ins. Companies, supra, 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58, which held only that there was no private right of action created by Insurance Code section 790.03, subdivision (h). (Spray, Gould & Bowers v. Associated Internat. Ins. Co., supra, 71 Cal.App.4th at pp. 1269-1272, 84 Cal.Rptr.2d 552.)
In Neufeld v. Balboa Ins. Co., supra, 84 Cal.App.4th 759, 101 Cal.Rptr.2d 151, Division Three of the Fourth District agreed with the conclusion reached in Spray, Gould & Bowers. The Neufeld court stressed the duty to the insured and the absence of any other judicial remedy for a violation of the administrative regulation.

Analysis
Having set forth the applicable law, I now return to Northwest's specific contention that Ontario is estopped to assert the expiration of the statute of limitations as a defense. The existing law in California is clear and without conflict as to the relationship between an insurer and its insured in this context: an insurer does not act as the agent of the insured when it settles or defends a claim on the insured's behalf. The insurer is acting on its own behalf as well as the insured's. The insurer has the right to control the defense and the insured has no right to interfere. This is not an agency relationship. Thus, the well-recognized rule that a principal may be estopped to assert the statute of limitations on the basis of the misconduct of its agent cannot support an estoppel of the insured on the basis of the misconduct of the insurer.
Of course, it may be argued that an estoppel arises out of the special relationship between an insurer and an insured. If the insurer acts to mislead the third party claimant as to the statute of limitations and the statute of limitations expires, the insurer is benefited because there will be no judgment against the insured for which the insurer will be required to indemnify the insured. The insurer is not the defendant in the action and therefore cannot be estopped for its misconduct. However, an estoppel applied against the insured will prevent the insurer from benefiting from its misconduct. On the other hand, the innocent insured will also be estopped and may be adversely affected from a financial standpoint under certain circumstances (e.g., deductibles, self-insured, retentions, excess judgments, and reservations of rights). However, the insured has contractually vested the insurer with control of the litigation and may sue the insurer if the insurer's misconduct causes the insured damage. Although no California case has held that an insured is estopped, several cases have assumed an estoppel without discussion. The issue is certainly not without doubt. I will assume *165 without deciding that the insured would be estopped to assert the statute of limitations as a defense by the affirmative misconduct of its insurer.
There are no allegations of affirmative misrepresentation as to, or concealment of, the statute of limitations in this case. Indeed, the claim was made by a large corporation and handled by its management department, which was well aware of the existence of statutes of limitations in general, although assertedly not this particular statute of limitations.[5] As a general rule, an adverse party has no duty to advise the opposing party of the statute of limitations. Insurance Code section 790.03, subdivision (h)(15) prohibits an insurance company only from "misleading" a claimant as to the applicable statute. The Insurance Commissioner has, however, promulgated a regulation which requires an insurance company to give written notice of the imminent expiration of the statute of limitations to an unrepresented claimant. I do not consider whether the Insurance Commissioner is authorized to adopt such a regulation for regulatory purposes. I conclude, however, that such a regulation may not create a duty to speak so as to create an estoppel to assert the statute of limitations.
Statutes of limitations are legislative acts. They cannot be defeated by administrative regulations. This is particularly so where the administrative regulation fundamentally alters the statute to which it applies. If the Legislature intends an act or omission to have an effect on the statutes of limitations, it can expressly and clearly so state. Indeed, in Insurance Code section 11583, the Legislature expressly provided for tolling of the statutes of limitations when either the insurer or the insured fails to give the requisite notice of the applicable statute of limitations with a partial payment. It would certainly be incongruous for the Insurance Commissioner to effectively create an equitable estoppel where the Legislature has neither created a duty to speak nor provided an equitable estoppel remedy for a failure to speak. In fact, the Insurance Commissioner has not indicated any intent to create an equitable estoppel, but has relied on administrative remedies.
The creation of an equitable estoppel by regulation is particularly inappropriate in this case. Insurance Code section 790.03 prohibits unfair insurance practices committed or performed "with such frequency as to indicate a general business practice." A single act of misconduct is not a violation of Insurance Code section 790.03, subdivision (h). Thus, a single act of misleading a claimant concerning the statute of limitations is not a violation of Insurance Code section 790.03, subdivision (h). It appears evident that a single act of failing to inform a third party claimant of the statute of limitations as required by regulation, but not by statute, should not result in an equitable estoppel to assert the statute of limitations.
California Code of Regulations, title 10, section 2695.7, subdivision (f) is part of a comprehensive legislative and administrative scheme to regulate the business practices of the insurance industry. Violations of the statute or regulations subject an insurer to administrative regulation and discipline. Our Supreme Court has expressly concluded that administrative discipline is adequate to accomplish the purposes of the statute. In my view, it is also *166 adequate to accomplish the purposes of the regulations.
Even were I to conclude that the regulation of the Insurance Commissioner created a duty on the part of the insurer to disclose the statute of limitations to the third party claimant giving rise to an equitable estoppel as to the insurer for failure to comply with the regulation, I would nevertheless not apply the estoppel to the insured. It may be appropriate to estop the insured from asserting the statute of limitations when the insurer acting on behalf of the insured misleads or conceals the statute of limitations from a third party claimant. The insured has a duty not to mislead or conceal the statute of limitations from an adverse party. If the insured permits the insurer to act on its behalf in settling the claim, an argument may be made that the insured should incur the responsibility for the misconduct of the insurer. The insured, however, has no duty to disclose the statute of limitations to the adverse party. The insurer, therefore, cannot be acting on behalf of the insured when it informs the third party claimant of the imminent expiration of the statute of limitations period. The insurer is simply performing a regulatory duty applicable only to insurance companies. It cannot be equitable to enforce a remedy against the insured for the insurer's failure to comply with a regulation that is applicable only to the insurer. The third party claimant is in the same position as any adverse party who is not notified of the applicable statute of limitations by the opposing party.
It may be argued that the failure to enforce an equitable estoppel against the insured means that the insurer will go unpunished for its regulatory violation. It may be further argued that the absence of an estoppel will encourage insurance companies to flout the regulations of the Insurance Commissioner. Such arguments are totally unpersuasive and have been flatly rejected by the Supreme Court in connection with Insurance Code section 790.03. "The dissent herein expresses some doubt that the Insurance Commissioner will enforce [Insurance Code] section 790.03 and punish violations thereof; the dissent finds no published appellate cases involving such disciplinary action. But surely we can assume very little from the absence of apposite appellate cases. It is as likely that the commissioner's efforts prevailed without the necessity of an appeal, that any relevant opinions were unpublished, or that administrative enforcement was deemed unnecessary in light of the deterrent effect of an inevitable Royal Globe action routinely filed whenever immediate settlement of claims is not forthcoming." (Moradi-Shalal v. Fireman's Fund Ins. Companies, supra, 46 Cal.3d at p. 304, 250 Cal. Rptr. 116, 758 P.2d 58.) In any event, it is the Insurance Commissioner's regulation and the Insurance Commissioner has provided for its methods of enforcement.
I recognize that the Spray, Gould & Bowers and Neufeld cases concluded that administrative sanctions were insufficient to promote compliance with the administrative regulations. I also recognize that the two cases concluded an equitable estoppel remedy was not foreclosed by Moradi-Shalal. I express no opinion as to the results reached by the two Court of Appeal decisions in the context of an insurer equitably estopped to assert the contractual limitation period as a defense against its own insured. However, in my view, both cases narrowly construed Moradi-Shalal and failed to give due weight to the implicit underpinnings of the Supreme Court decision.
I would conclude a defendant insured is not estopped to assert the expiration of the statute of limitations in an action by a *167 plaintiff third party claimant where the insurer has conducted settlement negotiations with the third party claimant on behalf of the insured and has failed to comply with the insurer's regulatory duty under California Code of Regulations, title 10, section 2695.7, subdivision (f) to give the third party claimant advance notice of the imminent expiration of the applicable statute of limitations.
I would affirm the judgment in favor of Ontario.
NOTES
[1] We state the factual background based on the facts alleged in the operative pleading. The absence of a Reporter's Transcript does not preclude review in this case because there is an "adequate record to assess error." (Maria P. v. Riles (1987) 43 Cal.3d 1281, 1295, 240 Cal.Rptr. 872, 743 P.2d 932.) The issue is one of pure law, and there was no evidentiary hearing. Neither party suggests anything occurred at the hearing before the trial court that could affect the determination of the legal issue before us. (See Eisenberg, Horvitz, Wiener, Cal. Practice Guide, Civil Appeals and Writs (2001) 4:38, p. 4-8, 4:47, p. 4-10.)
[2] Quoted in footnote 7, post. All undesignated regulation references are to California Code of Regulations, title 10.
[3] The parties argued the issue based on such an interpretation. Also, "uncertain allegations should be liberally construed in the testing of a complaint for adequacy against a demurrer, particularly where the facts as to which the complaint is uncertain are presumptively within the knowledge of the defendant." (Childs v. State of California (1983) 144 Cal.App.3d 155, 160, 192 Cal.Rptr. 526.) Pleadings should be liberally construed. (Faulkner v. California Toll Bridge Authority (1953) 40 Cal.2d 317, 328, 253 P.2d 659; Code Civ. Proc., § 452; 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 356, pp. 456-458, § 403, p. 501; 5 Witkin, Cal. Procedure, supra, Pleading, § 903, p. 364.) Although there is no allegation that Northwest was not being represented by counsel, that may be inferred from the allegation that its Risk Management Department was dealing with counsel for Great American.
[4] Ontario's demurrer was sustained without leave to amend on January 22, 2002, and the trial court issued its order of dismissal on February 20, 2002. Northwest filed its notice of appeal on January 28, 2002, before the order of dismissal was filed. We deem the appeal to be from the order of dismissal. (Forsyth v. Jones (1997) 57 Cal.App.4th 776, 780, 67 Cal.Rptr.2d 357.)
[5] Article 6.5 of the Insurance Code has been referred to as the "Unfair Practices Act." (Moradi-Shalal v. Fireman's Fund Ins. Companies (1988) 46 Cal.3d 287, 292, 250 Cal. Rptr. 116, 758 P.2d 58 (Moradi-Shalal).)
[6] Section 2695.4, subdivision (a), provides in pertinent part: "Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant." N
[7] Subdivision (f) was amended as of January 1997, and it currently provides: "Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a timely claim. Such notice shall be given to the claimant not less than sixty (60) days prior to the expiration date.. .. With respect to a first party claimant in a matter involving an uninsured motorist, this notice shall be given at least thirty (30) days prior to the expiration date; except, if notice of claim is first received by the insurer within that thirty days, then notice of the expiration date must be given to the claimant immediately. This subsection shall not apply to a claimant represented by counsel on the claim matter." (Register 97, No. 2 (Jan. 10, 1997).) As originally enacted in 1992, subdivision (f) stated: "No insurer shall continue negotiations directly with a claimant, for settlement of a claim, up to the time the claimant's rights may be affected by a statute of limitations or by an insurance policy or contract time limit, without giving the claimant written notice that the time limit may be expiring and may affect the claimant's rights. This notice shall be given at least sixty (60) days before the date on which the time limit is to expire. With respect to a first party claimant in a matter involving an uninsured motorist, this notice shall be given at least thirty (30) days before the date on which the time limit may expire. This subsection shall not apply to a claimant represented by counsel on the claim matter." (Register 92, No. 52 (Dec. 15, 1992).)
[8] Defendant does not contend that plaintiff has not pleaded a violation of the Regulation.
[9] The court in Regus ultimately held that plaintiffs had not filed their action within a reasonable time after the discovery of the fraud giving rise to the estoppel.
[10] The court in Wyene relied on Farrell v. County of Placer (1944) 23 Cal.2d 624, 145 P.2d 570. Although the court in Wyene said that Farrell held that the county was estopped from pleading the statute of limitations because of representations made to plaintiff by an agent of the county's insurance carrier, Farrell involved misconduct of "`an agent of [county] defendants.'" (23 Cal.2d at pp. 626-627, 145 P.2d 570.) There is no indication that misconduct of an agent of an insurance carrier was involved in Farrell.
[1] Evidence Code section 623 provides: "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it."
[2] Three other cases bear tangentially on the issue. (Flamer v. Superior Court (1968) 266 Cal.App.2d 907, 917-918, 72 Cal.Rptr. 561 [three-year mandatory dismissal for failure to timely serve the complaint]; Wyene v. Durrington (1952) 112 Cal.App.2d 821, 822, 247 P.2d 414 [insurer not necessary or proper party in negligence action against insured where estoppel at issue]; Geraci v. United Services Automobile Assn. (1987) 188 Cal. App.3d 1245, 1250, fn. 2, 233 Cal.Rptr. 896 [same].) Wyene v. Durrington, supra, 112 Cal. App.2d 821, 822, 247 P.2d 414 mistakenly relied on Farrell v. County of Placer, supra, 23 Cal.2d 624, 145 P.2d 570, which held a county could be estopped by the misconduct of its agent, an officer or employee of the county, not an insurance company.
[3] Some courts in other jurisdictions have concluded that an adjuster is an agent of the insured for purposes of asserting a statute of limitations defense where the adjuster has misled the claimant. (State Farm Fire & Casualty Co. v. Superior Court (1989) 216 Cal. App.3d 1222, 1231, fn. 3, 265 Cal.Rptr. 372.)
[4] "`It has sometimes been stated in appellate court opinions that a liability insurer acts as an agent for the insured in defending or settling a claim on an insured's behalf. . .. [¶] The use of the agency characterization is erroneous in this context, and any conclusions reasoned from the supposition of such a relationship should be carefully scrutinized. An insurer and its representatives are not agents of the insured even with respect to settlement of a claim against the insured or with respect to defense of that claim. . . .' (Keeton & Widiss, Insurance Law (1988) § 7.5(c), pp. 807-808.)" (State Farm Fire & Casualty Co. v. Superior Court, supra, 216 Cal.App.3d at pp. 1231-1232, fn. 4, 265 Cal.Rptr. 372.)
[5] Indeed, it is likely that Northwest's risk management department includes in-house counsel.